FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

2016 JUL 26  PM 12: 06

CLERK. US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

**Jacksonville Division**

DISABILITY RIGHTS FLORIDA INC.,
a Florida non-profit Corporation,

        Plaintiff,

v.

SUMMIT CONTRACTORS GROUP, INC.,
ZONA & ASSOCIATES, P.A., ECKSTEIN
INVESTMENTS, LLC, and
KAE APARTMENTS, LLC,

        Defendants.

_____/

Case No.

3:16 cv 954-J - 39 MCR

## COMPLAINT

**and**

## INJUNCTIVE RELIEF SOUGHT AND JURY DEMAND

### Introduction and Summary of Claims

1.     Plaintiff, Disability Rights Florida, Inc. ("DRF"), bring this civil rights actions against the contractor, architectural firm, property manager, and owner of three separate apartment complexes commonly known collectively as "Surfside Apartments" which are planned, designed, constructed, managed, and owned by Defendants Summit Contractors Group, Inc., Zona & Associates, P.A., Eckstein Investments, LLC, and KAE Apartments, LLC, for monetary, declaratory and injunctive relief arising from violations of the accessibility requirements of the Fair Housing Act, Title VIII of the Civil Rights Act of

1968, as amended by the Fair Housing Amendments Act of 1988 (FHA), 42 U.S.C. §§ 3601 to 3619. The FHA requires that certain apartments built for occupancy after March 13, 1991 be designed and constructed with accessible and adaptable features for people with disabilities. None of the buildings or residential units in the three "Surfside Apartments" are accessible and adaptable for persons with disabilities.

2.       Defendants' violations of the FHA design and construction requirements have serious and significant consequences for people with disabilities affecting mobility. None of the apartment units in all three Surfside Apartment complexes are accessible by someone using a wheelchair or other mobility assistance device. Every apartment unit lacks required features --- such as wider doors and passageways — that would allow people using wheelchairs or other mobility aids from traversing to and from covered units and other complex amenities. In addition, all units have bathrooms and kitchens that lack sufficient space at fixtures and appliances for use by people in wheelchairs or using other mobility aids. These violations, and many others, effectively communicate that people with disabilities are not welcome to rent at Surfside Apartments.

3.       According to the 2004 American Community Survey conducted by the U.S. Census Bureau, more than 51 million Americans (nearly one in five) have some form of disability, and one in eight has a severe disability. Of that number, more than 2.7 million people over the age of 15 years use a wheelchair, and that number is expected to increase as the population ages and medical care allows people with disabilities to live longer and fuller lives. Another 7 million use a cane, crutches, a walker or other mobility aid. Like-

wise, the number of veterans with mobility disabilities is also increasing. Accessible housing is an essential means of ensuring that people with disabilities are able to fully participate in community life.

4.    A person using a wheelchair or other mobility aid is just as effectively excluded from the opportunity to live in a particular dwelling where there are only stairs at the building or unit entrances on the route to a covered unit as she would be by a posted sign saying "No Handicapped People Allowed." In considering the 1988 disability amendments to the FHA, Congress stressed that enforcement of the civil rights laws is necessary to protect people with disabilities from the "devastating" impact of housing discrimination, including the "architectural barriers" erected by developers and builders who fail to construct dwellings and public accommodations accessible to, and adaptable by, people with disabilities. H.R. REP. NO. 100-711, at 25 (1988), *reprinted in* 1988 U.S.C.C.A.N. 2173, 2186.

5.    Defendants' systematic and continuing violations of the FHA have thwarted Congressional efforts to eradicate housing discrimination against people with disabilities, rendered units unavailable to people with disabilities, frustrated the mission of the Plaintiff and caused the Plaintiff to divert its scarce resources in an attempt to redress these violations. Enforcement of the FHA against these Defendants is necessary because of the extensive and continuing nature of the civil rights violations at these three apartment complexes and perhaps at other apartment complexes which these Defendants have designed and/or constructed.

## Jurisdiction and Venue

6.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1332, and 42 U.S.C. § 3613(a).

7.     Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b) in that the events and omissions giving rise to these claims occurred in this District, and these claims concern or otherwise relate to real property located in this District and the Jacksonville Division.  In addition, all Defendants are doing business in the State of Florida, and may be found in this District.

8.     Plaintiff seeks preliminary and permanent injunctive relief pursuant to Rule 65, Federal Rules of Civil Procedure.

## Parties

### Plaintiff

9.     Plaintiff, Disability Rights Florida, Inc., is a not-for-profit corporation serving as Florida's federally funded protection and advocacy ("P&A") agency for individuals with disabilities.  Plaintiff, Disability Rights Florida ("DRF") maintains offices in Tampa, Hollywood, Gainesville, and Tallahassee.  As the P&A for the State of Florida, DRF receives federal grants annually and administers those funds on behalf of individuals with disabilities in Florida through information and referral, advocacy, education, and legal representation services.

10.     Plaintiff DRF is authorized by law to "have the authority to pursue legal, administrative, and other appropriate remedies or approaches to ensure the protection of, and advocacy for, the rights of" individuals with disabilities.  29 U.S.C.A. § 794e.  This

{07128267;1}-4-

authorization permits Plaintiff DRF to sue on behalf of "more than one individual or a group or class of individuals, in which case it is systems (or systemic) advocacy." 34 C.F.R. § 381.5. This authorization also permits DRF to "carry out any other activities consistent with the purpose of this part and the activities listed in paragraph (a) of this section." 34 C.F.R. § 381.3(b).

11.     Plaintiff DRF is statutorily charged with protecting the rights of persons with disabilities who depend on compliance with the law in order to have equal access to housing and so persons with disabilities can live independently and with dignity. Plaintiff DRF is dedicated to advancing the civil rights of people with disabilities including advocating for truly universal accessibility in housing.

12.     Plaintiff DRF is authorized to receive complaints from Floridians about deficiencies in housing, and uses its resources to investigate, advocate, educate, and if necessary litigate to ensure the protection of, and advocacy for the rights of all individuals with disabilities within Florida.

13.     Plaintiff DRF develops its goals and objectives on an annual basis through a process in which its constituents and stakeholders provide input and direction to problems and issues faced by individuals with disabilities in the state. The goals and objectives ultimately adopted by its governing Board of Directors, who are also members of the disability community and stakeholders, serves as a means to prioritize the allocation of funding and personnel to ensure the responsible and effective use of its resources.

14.     Plaintiff DRF has standing to file this action as it is mandated to provide representation and other legal services to persons with disabilities, in this case individuals

with mobility impairments or who might use wheelchairs and are unable to access Defendants' properties. Additionally, Plaintiff DRF has diverted resources from adopted housing and other objectives in order to ensure basic architectural accessibility in Defendants' properties.

15.     Challenging the Defendants' policies fall within Plaintiff DRF's general scope of interest and activity, and the relief requested is the type of appropriate relief Plaintiff DRF is to seek on behalf of the individuals whom Plaintiff DRF is mandated to serve. Plaintiff DRF and the persons whom DRF is mandated to represent, was and continues to be adversely affected by the acts, omissions, policies, and practices of the Defendants.

**Defendants**

16.     Defendant, Summit Contractors Group, Inc. (hereinafter "Summit") is the contractor that built all three Surfside Apartments. It is incorporated in the State of Florida, and registered and doing business in Jacksonville, Florida. Defendant Summit has been and continues to be in the business of building multifamily residential properties throughout the United States that are covered by the FHA, including Surfside Apartments. Defendant Summit holds itself out on its website as being the "top ranked multifamily general contractor in the country." As the contractor, Defendant Summit is responsible for the construction of all three Surfside Apartments, and is a necessary party for the relief sought by the Plaintiff. This is not the first time a construction company owned by the President

of Defendant Summit, Robert Fleckenstein,[1] has been sued for not constructing handi-capped accessible apartment complexes in violation of the FHA.  In 2002, Summit Con-tractors, Inc., whose President was Robert Fleckenstein, was a defendant in *U.S. v. LNL Assoc./Architects, P.A., et al.*, No. 02-2167-JWL, (D. Kan. 2002).  Summit Contractors, Inc. entered into an extensive Consent Decree with the United States of America in 2006.  Consent Decree, *U.S. v. LNL Assoc./Architects, P.A.,* et. al., No. 02-2167-JWL (D. Kan. 2006), *available at* https://www.justice.gov/crt/housing-and-civil-enforcement-cases-doc-uments-272.

17.    Defendant, Zona & Associates, P.A. (hereinafter "Zona") is an architectural firm that designed all three Surfside Apartment complexes.  Defendant Zona is a profes-sional association registered and doing business in Jacksonville, Florida.  As the architect on all three Surfside Apartments, Defendant Zona is responsible for the design of all three Surfside Apartments, and is a necessary party for the relief sought by the Plaintiff.

18.    Defendant, Eckstein Investments, LLC, (hereinafter "Eckstein") is the owner of all three Surfside Apartment properties which are the subject of this lawsuit.  It is registered as a limited liability corporation in Delaware, and registered and doing busi-ness in Florida, and headquartered in Paducah, Kentucky. As Surfside's owner, Defendant Eckstein is responsible for employing the companies (Summit and Zona) which did the design and construction of all three Surfside Apartments, hired the property management company, and is a necessary party for the relief sought by the Plaintiff.

---

[1] Florida's Department of State, Division of Corporations, lists Robert Fleckenstein as Defendant Summit's President, but Summit Contractors Group's website states its Presi-dent, CEO and owner is Marc Padgett.

19.     Defendant, KAE Apartments, LLC (hereinafter "KAE") is a property man-agement company handling the leasing of the units at all three Surfside Apartments. De-fendants KAE is a limited liability corporation registered and doing business in Florida, and is located in Jacksonville, Florida. As the property manager for the Surfside Apart-ments, Defendant KAE is responsible for not making unit available to persons with mobil-ity disabilities and is not affirmatively furthering fair housing.

**Statutory and Regulatory Framework**

20.     Congress enacted the FHA design and construction accessibility require-ments as part of a comprehensive revision of the FHA to prohibit discrimination on the basis of disability. The debates and legislative history of the FHA reflect Congressional findings that a person using a wheelchair or other mobility aid is just as effectively ex-cluded from the opportunity to live in a particular dwelling by steps or thresholds at build-ing or unit entrances and by too narrow doorways as by a posted sign saying "No Handi-capped People Allowed." In considering the 1988 disability amendments to the FHA, Con-gress stressed that enforcement of civil rights laws is necessary to protect people with dis-abilities from the "devastating" impact of housing discrimination, including the "architec-tural barriers" erected by developers who fail to construct dwellings and public accommo-dations accessible to, and adaptable by, people with disabilities. H.R. REP. NO. 100-711, at 25 (1988), *reprinted in* 1988 U.S.C.C.A.N. 2173, 2186.

21.     In response to Congressional findings, the FHA mandated that every multi-family apartment building containing four (4) or more units, and built for first occupancy after March 13, 1991 ("covered multi-family dwellings"), be subject to certain design and

construction requirements.  All ground floor units must comply with the following require-
ments, as must all units served by an elevator:

    a.   Public-use and common-use areas that are readily accessible to, and usable
by, people with disabilities;

    b.   Doors into and within covered units that are sufficiently wide to allow pas-
sage by people in wheelchairs;

    c.   An accessible route into and through the dwelling;

    d.   Light switches, electrical outlets, thermostats and other environmental con-
trols in accessible locations;

    e.   Reinforcements in bathroom walls that allow for the later installation of
grab bars; and

    f.   Usable kitchens and bathrooms such that an individual in a wheelchair can
maneuver about the space.

    22.   The Fair Housing Act provides that, for non-elevator residential buildings
with four or more dwelling units, all ground-floor units that are designed and constructed
for first occupancy after March 13, 1991, are "covered multifamily dwellings" and must
include certain basic features of accessible and adaptive design to make such units acces-
sible to or adaptable for use by a person who has or develops a disability.  42 U.S.C. §§
3604(f)(3)(C) and (f)(7)(B).

    23.   For those covered dwellings which do not have ground units where several
flat units are located over a common garage, the units are also covered multifamily dwell-
ings, and the units and common garage must comply with the Act's design and construction

requirements whether or not the parking spaces are individually assigned or deeded to a specific unit. See memorandum from HUD General Counsel, Frank Keating, to Gordon Mansfield, Assistant Secretary for FHEO (Dec. 16, 1991), reprinted in the Design Manual at back of Appendix C. See also Design Manual at 1F.29.

24.     The FHA also prohibits discrimination in the rental of a dwelling; otherwise making unavailable or denying a dwelling to an individual because of disability, 42 U.S.C. § 3604(f)(1); and discrimination in the terms, conditions, or privileges of a rental, or in the provision of services or facilities in connection with the rental of a dwelling, because of disability, 42 U.S.C. § 3604(f)(2).

**Factual Background**

25.     The three Surfside Apartments which are the subject of this lawsuit are separate residential housing apartment complexes located at 814 North 1st Street, 116 South 2nd Avenue, and 913 South 2nd Street in Jacksonville Beach, Florida. Each apartment complex is a "covered multifamily dwelling" as that term is defined in the FHA. 42 U.S.C. § 3604(f)(3)(C). Each of the buildings was designed and constructed for first occupancy after March 13, 1991, and is subject to the accessibility requirements contained in the design and construction standards of the FHA, 42 U.S.C. § 3604(f)(3)(C), requiring at least one entrance on an accessible route. The characteristics of the three apartment complexes are as follows:

a.     **913 South 2nd Street**. There are twenty-two (22) units in this 3 story complex located at 913 South 2nd Street. Parking is located at grade underneath the building, with residential units on upper two floors above the garage with no access to any of the 22

units. As a result, none of the 22 units are accessible to someone who is disabled and uses a wheelchair or uses another mobility aid, and none of the interiors of the 22 units comply with the FHA. Its certificate of occupancy issued December 23, 2014.

b.    **116 South 2nd Avenue**. There are twenty-two (22) units in this 3 story complex located at 116 South 2nd Avenue. Parking is located at grade underneath the building, with residential units on upper two floors above the garage with no access to any of the 22 units. As a result, none of the 22 units are accessible to someone who is disabled and uses a wheelchair or other mobility aid, and none of the interiors of the 22 units comply with the FHA. Its certificate of occupancy issued December 23, 2014.

c.    **814 North 1st Street**. There are eighteen (18) units in this 3 story complex located at 814 North 1st Street. Parking is located at grade underneath the building, with several commercial units on the first floor, and 18 residential units on upper two floors above the garage with no access to any of the 18 units. As a result, none of the 18 units are accessible to someone who is disabled and uses a wheelchair or other mobility aid, and none of the interiors of the 18 units comply with the FHA. Its certificate of occupancy issued August 26, 2014.

26.    Plaintiff DRF became aware in April 2015 that the Surfside Apartments housing complexes owned by Defendant Eckstein, designed by Defendant Zona, and constructed by Defendant Summit did not include the required elements of accessible and adaptable design. DRF subsequently viewed outside the three Surfside Apartment complexes. Upon further review by contracted agents the three complexes' permitting files and architectural plans at the City of Jacksonville Beach, included multiple FHA design and

construction violations.

27.    As a result, Plaintiff used an employee, who requires the use of a wheelchair to be a tester for DRF of the three apartment complexes. The DRF tester sought information from Defendants about the availability of apartments at Surfside Apartments, located at 814 1st St. N., Jacksonville Beach, Florida, as well as two other Surfside Apartment complexes. The DRF tester is a handicapped person as defined in the FHA as she has a physical impairment which affects a major life activity, including but not limited to walking. 42 U.S.C. § 3602(h).

28.    At approximately 8:15 a.m. on September 15, 2015, the DRF employee visited the Surfside Apartments located at 814 1st St. N., Jacksonville Beach, Florida to meet with Melissa Rogers, an employee of Surfside's property manager Defendant KAE.

29.    Ms. Rogers arrived shortly thereafter and, upon seeing the DRF employee in her wheelchair, immediately informed her that all residential units were above the garage, the building had no elevator, and therefore could not be toured or be accessible for her to rent. When asked if there were any plans to install an elevator, Ms. Rogers responded in the negative as the building was new.

30.    The DRF employee asked if the other two Surfside Apartments were similarly constructed, and with no elevator or ground units.

31.    Ms. Rogers responded in the affirmative.

32.    Ms. Rogers instead gave the DRF employee two floor plans for other possible rental units her firm was handling, her business card, shook hands, and departed.

**Injury to Plaintiff**

33.    As a result of Defendants' actions described above, Plaintiff DRF has been directly and substantially injured.  Plaintiff has been frustrated in its goal to ensure full participation and choice by individuals with disabilities in the community to protect equal access to housing.  Plaintiff prioritize objectives to fit within its goals and carefully allocates resources to the most pressing needs.  Two of Plaintiff's objectives related to housing require DRF to focus its resources on the affirmative actions of implementing initiatives to increase the availability of affordable, accessible housing within fully integrated communities and to also initiate strategies so individuals with persistent psychiatric disabilities or traumatic brain injuries will have increased opportunity for personal choice in residential options.  Plaintiff, in developing its goals and objectives, did not anticipate having to expend monies and resources to correcting architectural accessibility deficiencies by privately-funded housing developments when accessible features and requirements are readily available and easily achieved.  Plaintiff has been damaged by having to divert scarce resources that could have been used to provide services to the objectives identified by DRF instead of counteracting Defendants' discriminatory conduct.

34.    In addition, Plaintiff has invested considerable time and effort in identifying the discriminatory conduct of Defendants by training a tester, employing an expert to review design plans and permits, and using staff counsel and hiring outside counsel to bring this lawsuit.  Each time Defendants Summit, Zona and Eckstein designed and constructed covered dwellings that did not comply with the FHA, they frustrated the mission of the Plaintiff inasmuch as they served to discourage people with disabilities from living at that

dwelling and encouraged other entities involved in the design, construction and rental of covered units to disregard their own responsibilities under the FHA.

35.     Defendants' continuing discriminatory practices have forced DRF to divert significant and scarce resources to identify, investigate and counteract the Defendants' discriminatory practices, and such practices have frustrated DRF's other efforts against discrimination, causing DRF to suffer concrete and demonstrable injuries.

36.     Plaintiff has conducted site visits, investigations, and a test at Surfside Apartments, resulting in the diversion of its resources in terms of staff time, salaries and travel and incidental expenses that it would not have had to expend were it not for Defendants' violations.  In doing the acts or omissions as alleged in this Complaint, each employee or officer of each Defendant was acting in the course and scope of his or her actual or apparent authority pursuant to such agencies, or the alleged acts or omissions of each employee or officer as agent was subsequently ratified and adopted by each Defendant as principal.

37.     Defendants' discriminatory conduct will also deprive individuals to whom Plaintiff provides services and others living in and near Surfside Apartments in Jacksonville Beach of the benefit of living in a diverse community that includes people who have disabilities and use wheelchairs or other mobility aids.  Plaintiff DRF's constituents include individuals who use wheelchairs, such as its employee tester, and those constituents are systematically harmed, and continue to be harmed, by Defendants' discriminatory conduct.

**Legal Claims**

**ALL DEFENDANTS' VIOLATIONS OF THE FAIR HOUSING ACT**

38.    Plaintiff adopts and re-allege the allegations of paragraphs 1 through 37 of this Complaint.

39.    Each of the properties specified above contains residential apartment units that are "dwelling[s]" within the meaning of 42 U.S.C. § 3602(b).  At the properties specified in paragraph 26 above, all ground-floor units in non-elevator buildings and all units on floors served by elevators are "covered multifamily dwellings" within the meaning of 42 U.S.C. § 3604(f)(7), were built for first occupancy after March 13, 1991, and are subject to the design and construction requirements set forth in 42 U.S.C. § 3604(f)(3)(C) of the FHA.  The public- and common-use areas of the properties specified above are also subject to the design and construction requirements of 42 U.S.C. § 3604(f)(3)(C).

40.    Defendants Summit's, Zona's and Eckstein's violations of 42 U.S.C. § 3604(f)(3)(C) at Surfside Apartments include, but are not limited to, those outlined below. These allegations represent just some of the evidence of a continuing pattern and practice of Defendants Summit's, Zona's and Eckstein's failures to design and construct covered units and the public and common use areas in accord with 42 U.S.C. § 3604(f)(3)(C) and are not intended as an exhaustive inventory of such violations.

41.    Defendants Summit, Zona and Eckstein have failed to design and/or construct covered, multifamily dwellings with an accessible entrance on an accessible route, in compliance with 42 U.S.C. § 3604(f)(3)(C)(iii)(I) and 24 C.F.R. § 100.205(a) (2008).

42.     Defendants Summit, Zona and Eckstein have failed to design and/or construct public and common-use areas that are readily accessible to and usable by people with disabilities in compliance with 42 U.S.C. § 3604(f)(3)(C)(i) and 24 C.F.R. § 100.205(c)(l) (2008).

43.     Defendants Summit, Zona and Eckstein have failed to design and/or construct environmental controls in accessible locations in each unit in compliance with 42 U.S.C. § 3604(f)(3)(C)(iii)(II) and 24 C.F.R. § 100.205(c)(3)(ii) (2008).

44.     Defendants Summit, Zona and Eckstein have failed to design and/or construct usable kitchens such that an individual using a wheelchair can maneuver about the space in compliance with 42 U.S.C. § 3604(f)(3)(C)(iii)(IV) and 24 C.F.R. § 100.205(c)(3)(iv) (2008).

45.     Defendants Summit, Zona and Eckstein have failed to design and/or construct usable bathrooms such that an individual using a wheelchair can maneuver about the space in compliance with 42 U.S.C. § 3604(f)(3)(C)(iii)(IV) and 24 C.F.R. § 100.205(c)(3)(iv) (2008).

46.     Defendants Summit, Zona and Eckstein have failed to design and/or construct accessible routes into and through all premises within covered dwellings in compliance with 42 U.S.C. § 3604(D (3)(C)(iii)(I) and 24 C.F.R. § 100.205(c)(3)(i) (2008).

47.     Further, by failing to provide the accessible and adaptable features required by 42 U.S.C. § 3604(f)(3)(C) at the Surfside Apartments for people with physical disabilities, including but not limited to those outlined in this Complaint, Defendants Summit, Zona and Eckstein have made dwellings unavailable to people with physical disabilities in

violation of 42 U.S.C. § 3604(f)(1) and/or have discriminated against them in the terms, conditions or privileges of the rental of dwellings in violation of 42 U.S.C. § 3604(f)(2).

48.     Defendants Summit, Zona and Eckstein, together and separately, have failed to design and construct Surfside Apartments so that:

a.     the public-use and common-use portions are readily accessible to and usable by people with disabilities; and

b.     all the ground floor units contain the following features of adaptive design:

i.      an accessible route into and through the dwelling;

ii.     light switches, electrical outlets, thermostats and other environmental controls in accessible locations; and

iii.    usable kitchens and bathrooms such that a person in a wheelchair can maneuver about the space.

49.     Defendant, Eckstein, as the owner and operator of the Surfside Apartments is liable for the violation of Plaintiff DRF's rights under 42 U.S.C. § 3604 because, at all times relevant hereto, Defendant KAE was acting (a) at the express direction of, and/or (b) with the consent of, and/or (c) under the control and supervision of, and/or (d) within its authority as an agent of Defendant Eckstein.

50.     Defendant, KAE, as the employer of rental agent Melissa Rogers, while acting as the property manager and rental agency of the Surfside Apartments property owned by Defendant Eckstein, is liable for the violation of Plaintiff DRF's rights under 42 U.S.C. § 3604.

51.     Through the actions and inactions described above, Defendants, together and separately, have:

    a.      discriminated in the rental of, or otherwise made unavailable or denied, dwellings to persons because of their disabilities in violation of 42 U.S.C. § 3604(f)(l);

    b.      discriminated against persons because of their disabilities in the terms, conditions or privileges of rental of a dwelling, or in the provision of services or facilities in connection with the rental of a dwelling, in violation of 42 U.S.C. § 3604(£)(2); and

    c.      failed to design and construct dwellings in compliance with the requirements mandated by 42 U.S.C. § 3604(f)(3)(C) and the applicable regulations, 24 C.F.R. Part 100.205 (2008).

### Prayer for Relief

WHEREFORE, for the foregoing reasons, Plaintiff prays that this Court grant judgment in its favor, and against Defendants Summit, Zona and Eckstein as follows:

    A.      Declare, pursuant to 28 U.S.C. § 2201 (2010), that the conduct of Defendants Summit, Zona and Eckstein in designing and constructing the Surfside Apartments, as alleged herein, is in violation of the FHA, 42 U.S.C. § 3604(f)(1), (f)(2) and (f)(3)(C), and the applicable regulations;

    B.      Order Defendants to bring the Surfside Apartments into compliance with the Fair Housing Act (FHA), and enjoin, pursuant to 42 U.S.C. § 3613(c)(l), Defendants Summit, Zona and Eckstein, their officers, directors, employees, agents,

successors, assigns and all other persons in active concert or participation with any of them, both temporarily during the pendency of this action, and permanently from:

      1.      with regard to the Surfside Apartments, failing or refusing to bring the covered dwelling units and the public use and common use areas into compliance with the requirements of 42 U.S.C. § 3604(f)(3)(C) and the applicable regulations; to comply with such procedures for inspection and certification of the retrofits performed as may be ordered by this Court; and to perform or allow such other acts as may be necessary to effectuate any judgment of this Court against them;

      2.      failing or refusing to design and construct any covered multifamily dwellings in the future in compliance with 42 U.S.C. § 3604(f)(3)(C) and the applicable regulations; and

      3.      failing or refusing to take such steps as will eliminate, to the fullest extent practicable, the lingering effects of Defendants Summit's, Zona's and Eckstein's unlawful housing practices.

C.      Order Defendants Summit, Zona and Eckstein to:

      1.      survey each and every apartment community containing "covered units" and appurtenant common and public use areas at any covered property for which Defendants Summit, Zona and/or Eckstein had a role in the

design and construction since March 13, 1991 other than the Surfside Apart-
ments ("Remaining Portfolio") and assess the compliance of each with the
accessibility requirements of 42 U.S.C. § 3604(f)(3)(C);

2.      report to the Court the extent of the noncompliance of the Remain-
ing Portfolio with the accessibility requirements of 42 U.S.C. §
3604(f)(3)(C); and

3.      bring each and every such apartment community in the Remaining
Portfolio into compliance with the requirements of 42 U.S.C. §
3604(f)(3)(C) and the applicable regulations.

D. Enjoin Defendants Summit, Zona and Eckstein and the owner of any other cov-
ered apartment community in the Remaining Portfolio not presently known to Plain-
tiff from failing or refusing to permit the survey of any of their covered properties
that were designed and/or built by Defendants Summit, Zona and/or Eckstein and
any retrofits ordered by the Court to be made at such property, to also comply with
such procedures for inspection and certification of the retrofits performed as may be
ordered by this Court and to perform or allow such other acts as may be necessary
to effectuate any judgment against Defendant Summit, Zona and Eckstein.

E. Declare the actions of Defendant KAE complained of herein to be in violation of
the Fair Housing Act, as amended, 42 U.S.C. § 3601, *et seq.*;

F. Permanently enjoin Defendant KAE, its agents, employees, and successors from
discriminating on the basis of disability against any persons in violation of the Fair
Housing Act, as amended, 42 U.S.C. § 3601, *et seq.*;

{07128267;1}-20-

G.  Award such compensatory damages as would fully compensate DRF for its  in-

juries incurred as a result of the Defendants' discriminatory housing practices and

conduct, pursuant to 42 U.S.C. § 3613(c)(l);

H. Award such punitive damages against the Defendants as is proper under law,

pursuant to 42 U.S.C. § 3613(c)(l);

I. Award DRF its costs and attorneys' fees incurred herein, pursuant to 42 U.S.C. §

3613(c)(2); and

H.  Award DRF such other relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b), Federal Rules of Civil Procedure, Plaintiff demands a trial

by jury on all issues so triable in this matter.

Respectfully submitted,

Randall C. Berg, Jr., Esq.
Fla. Bar No. 0318371
RBerg@FloridaJusticeInstitute.org
Dante P. Trevisani, Esq.
Fla. Bar No. 72912
DTrevisani@FloridaJusticeInstitute.org
Erica Selig, Esq.
Fla. Bar No. 0120581

**Florida Justice Institute, Inc.**
100 S.E. 2nd Street
3750 Miami Tower
Miami, Florida  33131-2309
305-358-2081
Fax 305-358-0910

James A. Kowalski, Jr., Esq.
Fla. Bar No. 852740
Jim.Kowalski@jaxlegalaid.org

Donald B. Freeman, Esq.
Fla. Bar No. 290327
don.freeman@jaxlegalaid.org

**Jacksonville Area Legal Aid, Inc.**
126 W. Adams St.
Jacksonville, Florida 32202-3849
904-356-8371 x275

Amanda Heystek, Esq.
Fla. Bar No. 285020
amandah@disabilityrightsflorida.org

**Disability Rights Florida, Inc.**
Times Building, 1000 N. Ashley Drive, Suite 640,
Tampa, Florida 33602
850-488-9071
850-488-8640 (Fax)


By:     *s/Randall C. Berg, Jr.*
        Randall C. Berg, Jr., Esq.
        Florida Bar No.  318371

Attorneys for the Plaintiff